Whitcomb v. Dartmouth                    CV-92-503-B    05/04/95
                  UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW HAMPSHIRE


Catherine R. Whitcomb

     v.                                    C.A. No. 92-503-B

Trustees of Dartmouth College


                        **O R D E R**

     Catherine Whitcomb was awarded $60,000 after obtaining
favorable jury verdicts against Dartmouth College on her Title
VII retaliation claim and an overlapping state law wrongful
discharge claim.  She now seeks to recover an additional
$93,652.50 in attorney's fees and $3,905.74 in costs as a
prevailing party in that litigation.


                        **DISCUSSION**

     As the prevailing party, Whitcomb is entitled to recover
reasonable attorneys' fees and costs associated with the
successful prosecution of her Title VII claim.  42 U.S.C.A. §
2000e-5(k).  The beginning point in calculating a fee award is to
determine the "lodestar" amount--the reasonable number of hours
spent working on the case multiplied by a reasonable hourly rate.
Phetosomphone v. Allison Reed Group, Inc., 984 F.2d 4, 6 (1st

Cir. 1993). The reasonableness of both the requested hours and the hourly billing rate are subject to careful scrutiny by the court. Grendel's Den, Inc. v. Larkin, 749 F.2d 945, 950 (1st Cir. 1984). The number of hours and the billing rate may be adjusted in the discretion of the court to reflect a more reasonable approximation of time spent or the market rate for attorneys of like experience. Deary v. City of Gloucester, 9 F.3d 191, 197-98 (1st Cir. 1993). Once the lodestar amount is calculated, it is presumed to be a reasonable fee, although the court may further adjust the amount to reflect particular circumstances such as the degree of success of the prevailing party. Lipsett v. Blanco, 975 F.2d 934, 937 (1st Cir. 1992); Pearson v. Fair, 980 F.2d 37, 46 (1st Cir. 1992). The party seeking an award, the plaintiff here, bears the burden of documenting the appropriate number of hours and billing rates. Phetosomphone, 984 F.2d at 6.

In the present case, Dartmouth does not dispute Whitcomb's right to recover attorneys' fees, nor does it challenge the billing rates charged by Whitcomb's attorneys.[1] However, it

_____

[1] Whitcomb was represented by the law firm of Clauson & Smith of Hanover, New Hampshire. Attorneys, K. William Clauson, Bradford T. Atwood, and Kathleen London, and paralegals, Roberta

argues that certain items in her request should be disallowed and that the adjusted fee request should be reduced by an additional fifty (50) percent.  I address these contentions in turn.

## A.    Reasonableness of Hours Claimed

Dartmouth objects to Whitcomb's application for attorneys' fees on the grounds that some of the fees for particular work either are not recoverable or were not reasonable.  In particular, Dartmouth objects to fees for the following activities: (1) time spent preparing billing records and the fee application; (2) legal work for plaintiff that was unrelated to the litigation; (3) time spent on an unsuccessful effort to present expert witnesses and to obtain late discovery; (4) time spent pursuing legally unavailable remedies; and (5) unnecessary time spent by an investigator.

### 1.   Time spent preparing bills and the fee application.

Dartmouth initially argued that Whitcomb was not entitled to any fees incurred by her attorneys in preparing the fee

_____

DeMasellis, Carol Sloboda, and Jonathan E. Putnam, spent time on Whitcomb's case.  I find that their claimed billing rates are generally reasonable.  In some instances, however, I find that the work described did not warrant a full fee, as is more fully explained in the next section.

application.  In response, Whitcomb pointed to authority allowing a prevailing party to recover such fees but candidly acknowledged that time spent in preparing a fee application "may fairly be compensated at a reduced rate."  Brewster v. Dukakis, 3 F.3d 488, 494 (1st Cir. 1993).  She then submitted a supplemental application for attorneys' fees incurred since October 11, 1994.  Dartmouth objected to the supplemental application on the additional ground that it sought 16.5 hours in compensation for work performed in overcoming defendant's argument that the fee application should be denied because it was filed after the time allowed by the Federal Rules of Civil Procedure.

### a.  Time spent preparing fee application.

Whitcomb is entitled to recover attorneys' fees for time spent on fee-related work.  Brewster, 3 F.3d at 494.  When the work involved is merely documenting who did what work, however, compensation may be awarded at a reduced rate.  Id.  After a careful review of the time records, I determine that the following entries involved work by an attorney to document billing information that I will compensate at a reduced rate: (1) 10/05/94, Bradford Atwood, "Review timesheets and expense invoices, preparation of Bill of Costs;" (2) 10/06/94, Bradford Atwood, "Preparation of Attorney Fee Application"; (3) 10/07/94,

4

Bradford Atwood, "Preparation of Application for Attorney Fees and Supporting Documentation; preparation of Bill of Costs."[2]

In the first entry, 10/05/94, Atwood also spent time doing legal research related to the fee application. The 10/05/94 entry charges for 3.50 hours billed at $90.00 per hour. Although Whitcomb would be entitled to the full hourly rate for the legal research component of the entry, she has not specified how much of the 3.50 hours was devoted to legal research. Similarly, the second entry, 10/06/94, indicates that Atwood spent part of the time in a telephone call concerning the case. However, he did not identify the portion of the entry that was attributable to the telephone call. Consequently, I reduce the applicable billing rate for the entire time allocated to each of those entries. See, e.g., Tennessee Gas Pipeline Co. v. 104 Acres of Land, 32 F.3d 632, 634 (1st Cir. 1994); Domegan v. Ponte, 972 F.2d 401, 425 (1st Cir. 1992) (vacated on other grounds and remanded, 113 S.Ct. 1378 (1993)); Phetosomphone, 984 F.2d at 6; Wojtkowski v. Cade, 725 F.2d 127, 130 (1st Cir. 1984).

---

[2] Of the remaining entries, two were for paralegal time spent in preparing bills and one, preparation of Catherine Whitcomb's affidavit on 7/21/94, was not apparently related to the preparation of the fee application. I find those entries were properly included in the fee application.

I find that a reasonable rate for documenting work to review time and billing records is $45.00 per hour as charged by the paralegal in preparing the final bill. Therefore, the allowable amount for the 10/05/94 entry is $157.50; for the 10/06/94 entry is $101.25; and for the 10/07/94 entry is $123.75. The reduction in the billing rate for those three entries requires that the total amount of requested fees be reduced by $382.50.

**b.  Time spent preventing dismissal of application.**

Dartmouth also challenges a portion of the time claimed by Whitcomb in her supplemental fee application on the grounds that the time spent preventing dismissal of the initial application was due to the attorneys' untimely filing. Disallowance of unnecessary fees is within the discretion of the court. See Grendel's Den, 749 F.2d at 950. I agree that fees charged by the attorneys to save the fee application would not have been necessary had Whitcomb's attorneys complied with the time limitation specified in the applicable rule. After reviewing the billing entries in the supplemental application, I find that the entries beginning with the first entry for 10/20/94, "Review Dartmouth's Objection to Attorney Fees Application," through the entry for 11/27/94, "Filing work on Attorneys fees, Supplemental

6

Memorandum and Enlargement of Time," are related at least in part to defending the untimeliness of the application and therefore the total of those entries, $1427.50, is denied and is deducted from the total request.

2. Legal work unrelated to litigation.

Dartmouth argues that time Whitcomb's attorneys spent demanding payment from plaintiff, helping her obtain unemployment compensation, and inquiring about her insurance records are not compensable as attorneys' fees in this case. Whitcomb agrees that the time listed for demands for payment totalling $135.00 should be disallowed. She contends, however, that the work related to unemployment benefits and insurance was part of the litigation.

I agree with both parties that the time billed for demands for payment should be disallowed. I also agree with Dartmouth that the time spent by the attorneys discussing and researching plaintiff's eligibility for unemployment compensation benefits, entries for 05/08/92 and 06/09/92, were not necessary to the litigation even though the need for benefits may have been the result of Whitcomb's employment dispute with Dartmouth. I find that the attorney's telephone discussion with Whitcomb on 11/22/93, however, was occasioned by Dartmouth's request for

7

insurance information, as Whitcomb explains.  Therefore, the
entry for $22.50 is related to the litigation and is properly
part of the award.  A total of $450.00 is denied as work
unrelated to the litigation.

3. <u>Fees relating to plaintiff's efforts to present
an expert witness and to obtain late discovery.</u>

Both parties agree that fees billed for work to find and
present expert witnesses and to obtain further discovery after
the applicable deadlines should not be included in the award.
They differ as to which fees fall within the excluded categories.
Whitcomb no longer requests fees for certain entries related to
expert witnesses, totalling $248.75, and other entries for work
on discovery, totalling $855.00, and those amounts are deducted
from the total request.  I consider the parties' remaining
arguments as to fees pertaining to the expert witnesses and late
discovery as follows.

a. **Expert witnesses.**

Whitcomb engaged in an unsuccessful effort to present
various expert witnesses after the extended deadline for
disclosing experts had passed.  Dartmouth lists billing entries
totalling $5,925.00 of fees for time it alleges was spent on the
untimely effort to procure expert testimony.  In response,

Whitcomb notes that two listed entries involved work with Dartmouth's Affirmative Action Officer, not Whitcomb's expert, and to obtain information requested by Dartmouth. I agree that the entries for 09/22/93 and 10/07/93, which involved Dr. Alvin Richard, should be allowed. I also agree that the fee entered on 11/12/93 regarding obtaining information for both an expert and Dartmouth's counsel should be allowed.

The remaining entries contested by Dartmouth involve work with Judith Schultz, an expert on educational employment issues. Whitcomb argues that most of the time spent with Schultz, who was belatedly and unsuccessfully offered as an expert by Whitcomb, was used to develop the damages aspect of her case. A review of the billing records shows that many of the entries involving Schultz explicitly involved discovery and designated Schultz as an expert witness. Although it is likely that at least some of the entries involving work with Schultz were necessary to the litigation, Whitcomb has neither pointed to designations in the billing entries themselves nor provided additional explanations for specific entries to separate the time used to develop Schultz as a witness from the time spent developing damages information. Instead, Whitcomb urges me to either allow the entries in whole because of Schultz's significant contribution to the case or to

9

only partially discount the mixed entries. Whitcomb, however, bears the burden of presenting and documenting the hours appropriately spent on the litigation and undesignated mixed entries may be denied in whole. See Tennessee Gas Pipeline, 32 F.3d at 634; Phetosomphone, 984 F.2d at 6; Wojtkowski, 725 F.2d at 130. A review of the billing records reveals an entry on 05/16/94 involving Schultz that is devoted exclusively to damages, and that amount, $127.50, is allowable. For the remainder of the entries related to work with Schultz, I decline to engage in speculation concerning what part of the billing records might be allowable, and I deny all of the contested entries less the three discussed above. As a result, the amount listed by Dartmouth as work related to developing Schultz as an expert witness less the allowable entries which equals $5,510.00 will be deducted from the allowable fees.

### b. Late discovery.

Whitcomb argues that four entries included in Dartmouth's list should be allowed because they include time for answering Dartmouth's discovery requests. Whitcomb suggests that the entry listed by Dartmouth for 05/15/93 should be the entry for 5/13/93 indicating a fee of $255.00, which reflects work performed in complying with Dartmouth's discovery requests. I accept

10

Whitcomb's explanation and allow this charge. The remaining three entries, however, involve work on a variety of matters. Once again, if the time spent on Dartmouth's discovery were separated from the time spent on unproductive late discovery attempts, I would award fees for that work. Because the work is included in an undifferentiated entry, the fee is not allowable. The amount to be deducted for work on late discovery is $1,510.00.

4. <u>Time spent pursuing legally unavailable remedies.</u>

Dartmouth's challenge to the time spent on filing Whitcomb's claim with the New Hampshire Human Rights Commission is denied.

5. <u>Unnecessary time used by the paralegal/investigator.</u>

Dartmouth argues that the time billed by John Putnam, a paralegal and investigator for Clauson & Smith, is excessive and unnecessary. Instead of challenging particular entries, Dartmouth cites a few examples of contested entries and asks that I impose a one-third reduction in Putnam's fees. Whitcomb responds that Putnam's time for finding and interviewing potential witnesses billed at $35.00 per hour was both essential to the litigation and a great savings in fees.

After reviewing Putnam's billing entries, I find that some of his time may be excessive, as Dartmouth contends. For

11

instance, I agree with Dartmouth that Putnam's time spent driving from Hanover to the Manchester Airport to Concord and back to pickup and return a witness, without further explanation of discussion of the case during the ride, was unnecessary to the litigation. Although the entry also includes a notation of a meeting with one of the attorneys during the day, no time is specified for that meeting. I deduct the charges for that day, $315.00, from the total fees. As to the remaining charges, however, the notations show that he was engaged in locating and interviewing witnesses, writing reports, and reviewing witness information in preparation for trial. Although Putnam spent a great deal of time on this investigation, such work, even with respect to witnesses who were not called at trial, was necessary to prepare the case for trial and would otherwise have been done by other paralegals or an attorney, all of whom billed at higher rates. For that reason, I will allow the remainder of Putnam's billing entries, deducting the $315.00 as previously noted.

6. <u>The lodestar amount.</u>

Having carefully reviewed the billing entries and considered Dartmouth's challenges, I find that after deducting necessary amounts explained above, the reasonable hours spent on the litigation multiplied by the reasonable hourly rates, as

12

calculated by the parties, provides a lodestar amount of $84,057.50.

## B. **Requested Fifty Percent Reduction**

Dartmouth argues that the total amount of attorneys' fees should be cut in half due to Whitcomb's relative lack of success in the litigation, her disproportionately small recovery and her failure to engage in meaningful settlement negotiations. I resolve these claims as follows.

### 1. Degree of success.

Dartmouth notes that Whitcomb began the litigation with four causes of action, but prevailed on only two. As a result, Dartmouth argues, Whitcomb's attorneys spent significant amounts of time pursuing claims on which Dartmouth ultimately prevailed. For that reason, Dartmouth asks that the attorneys' fees be substantially reduced.

A reduced award of attorneys' fees may be appropriate if the plaintiff's victory is limited in comparison to the scope of the litigation as a whole.[3] Lewis v. Kendrick, 944 F.2d 949, 956

---

[3] It may also be necessary in certain circumstances to discount an attorney's fee award under federal law for time spent in proving a successful state law claim for which there is no right to attorneys' fees. See Phetosomphone, 984 F.2d at 7.

(1st Cir. 1991) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983) (on rehearing).  The extent of success, however, is measured by taking a qualitative, not quantitative, view of plaintiff's claims and result.  Aubin v. Fudala, 782 F.2d 287, 290 (1st Cir. 1986).  In this case, Whitcomb obtained favorable jury verdicts on her Title VII claim for retaliation and her state law wrongful discharge claim.  Her state claim for intentional infliction of emotional distress was dismissed before trial and the jury found in Dartmouth's favor on Whitcomb's Title VII discriminatory demotion claim.  Nevertheless, the claims on which Whitcomb was successful were the core of her case.  In addition, her claims were sufficiently interrelated that it is unlikely that her attorneys spent any significant time on the unsuccessful claims that was not necessary for the prosecution of the successful ones.  Cf. Pearson, 980 F.2d at 47 (holding that award should be reduced where plaintiff's counsel spent a substantial number of hours on factual discovery and legal

---

Although in this case Whitcomb prevailed on both her Title VII retaliation claim and her state law wrongful discharge claim, it is unnecessary to attempt to separate the time spent solely on the wrongful discharge claim from the time spent on the Title VII claim because the claims overlap and Dartmouth does not argue that the fee award should be reduced for this reason.  Compare Refuse & Envtl. Sys., Inc. v. Industrial Serv. of Am., Inc., 932 F.2d 37, 44-55 (1st Cir. 1991).

14

research devoted to losing issues).

Thus, I find no reason to reduce Whitcomb's award to reflect a lack of success on the merits of her claims.

2.  Proportionality.

Dartmouth also argues that Whitcomb's fee award should be reduced substantially because she recovered only $60,000 in damages.  In evaluating Dartmouth's argument, I am mindful that "[w]hile the amount of damages received in a civil rights suit does not constitute a dispositive criterion, or even a ceiling on an ensuing fee award, it is nevertheless relevant to the calculation of a reasonable fee."  Foley v. City of Lowell, 948 F.2d 10, 19 (1st Cir. 1991) (citations omitted); see also, City of Riverside v. Rivera, 477 U.S. 561, 574 (1986) (plurality op.). In the present case, however, I cannot say that the plaintiff built a litigious mountain out of a legal molehill.  Instead, Whitcomb received a substantial damage award for a serious violation of federal law.  Compare Farrar v. Hobby, 113 S.Ct. 567, 578-79 (1992).  Nor can I say that her lawyers expended an unjustifiably large amount of time in prosecuting her claim. Thus, I decline to exercise my discretion to reduce her fee award simply because it exceeds the amount of her damage award.

15

3. Settlement efforts.

Each party accuses the other of intransigence in settlement. Dartmouth argues that Whitcomb's million-dollar demand requires cutting Whitcomb's fee award in half, and Whitcomb responds that Dartmouth's "Stalingrad defense," including its small settlement offer, increased the time spent by Whitcomb's attorneys. Because Whitcomb achieved a jury verdict and damage award substantially in excess of Dartmouth's settlement offer, I find no cause to reduce the award of attorneys' fees based on the parties' unsuccessful settlement negotiations.

In summary, I find that the hourly billing rates and the time billed in Whitcomb's application for attorneys' fees, as modified in this Order, are reasonable.

C. **Costs and Expenses**

Whitcomb requests a total of $3,905.74 in costs and expenses related to the litigation. After reviewing the items listed, I find that the request is reasonable and falls within the statutory guidelines of 28 U.S.C.A. § 1920. See West Virginia University Hosps. v. Casey, 499 U.S. 83, 103 (1991) (Stevens, J. dissenting and explaining the broad view given to costs in context of fee-shifting). Further, although Dartmouth requests,

16

without explanation, that each party bear its own costs, it has not contested either the amount or the subject matter of the costs requested. Because costs are to be awarded to the prevailing party as a matter of course, Federal Rule of Civil Procedure 54(d), I grant costs as requested.

## CONCLUSION

For the foregoing reasons Whitcomb's application for attorneys' fees (document 77) and the supplemental application (document 78) are granted in part and denied in part. Whitcomb is entitled to an award of attorneys' fees in the amount requested less the deductions made in this Order, yielding a total amount of $84,057.50 in attorneys' fees. In addition, Whitcomb is awarded $3,905.74 in costs.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

May 4, 1995

cc:  Bradford Atwood, Esq.
     Edward Shumaker, III, Esq.

17