# United States Court of Appeals
## For the First Circuit

No. 04-2236

FIRST STATE INSURANCE GROUP,

Plaintiff, Appellee,

v.

NATIONWIDE MUTUAL INSURANCE COMPANY,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Richard G. Stearns, U.S. District Judge]

Before

Boudin, Chief Judge,

Lynch and Lipez, Circuit Judges.

Michael L. Cohen with whom Michael J. Pollack, Cohen & Buckley LLP, Arnold Greenhut and Rosen Greenhut Catuogno & Low were on brief for appellant.
Lloyd A. Gura with whom Lawrence S. Greengrass, Sanjit Shah, Mound Cotton Wollan & Greengrass and Prince, Lobel, Glovsky & Tye LLP were on brief for appellee.

March 23, 2005

**Per Curiam**.    Nationwide Mutual Insurance Company ("Nationwide") appeals from the district court's order denying an award of attorneys' fees.    Nationwide and another insurance company, Employers Insurance of Wausau ("Wausau"), prevailed in bringing emergency motions against First State Insurance Group ("First State") in the district court.    They secured an order enjoining First State from pursuing its requests in a number of arbitrations to have those disputes consolidated into just two arbitrations. Viewing First State's requests to the arbitrators as contravening the court's prior rulings, the court ordered that First State pay Wausau's and Nationwide's costs and attorneys' fees in bringing the emergency motions "in a reasonable amount to be determined by the court on the parties' submissions."

Wausau sought reimbursement of $46,312.47; Nationwide sought $89,012.82.    The district court disallowed certain of Wausau's expenses and fees and concluded that $35,101 was a reasonable award.    Viewing Nationwide's request as grossly excessive for the amount of work involved, the court declined to make any award to it.    The court then denied Nationwide's motion for reconsideration, which was accompanied by an application for a somewhat reduced fee.    Nationwide now appeals from the denials of fees.

We review awards (and denials of awards) of attorneys' fees for abuse of discretion.    See Mullane v. Chambers, 333 F.3d

-2-

322, 337-38 (1st Cir. 2003); New Eng. Reg'l Council of Carpenters v. Kinton, 284 F.3d 9, 30 (1st Cir. 2002). Where the attorneys' fees requested are unreasonably excessive, it is within a court's discretion to deny fees entirely. See Lewis v. Kendrick, 944 F.2d 949, 958 (1st Cir. 1991); Brown v. Stackler, 612 F.2d 1057, 1059 (7th Cir. 1980).[1] The court's order may be read to overstate the degree to which Nationwide's and Wausau's papers in support of their emergency motions were duplicative. Nevertheless, after reviewing the record, we conclude that the district court did not abuse its discretion by finding Nationwide's fee request to be so excessive as to merit outright denial of any fee.

Nationwide's request sought approximately $60,000 of compensation for the work its counsel performed on its emergency motion in the district court. The ultimate product of these efforts were two (opening and reply) memoranda totaling about 34 pages in length, and attendance and argument at a short hearing. Related filings in the arbitration proceedings, local counsel fees, and expenses for travel to attend the hearing brought the total up to nearly $90,000. Litigation may be expensive but this bill, for a single narrow dispute about a prior order of the court, is

---

[1]Although they are not applicable here, there are some statutes governing the award of attorneys' fees that may provide district courts with less discretion to deny fees. See, e.g., De Jesus v. Banco Popular de P.R., 918 F.2d 232, 233-34 (1st Cir. 1990) (Truth in Lending Act).

excessive by more than a small margin--or so the district court could reasonably conclude.

Nor did the district court abuse its discretion, <u>see</u> <u>Douglas</u> v. <u>York County</u>, 360 F.3d 286, 290 (1st Cir. 2004), in denying Nationwide's motion for reconsideration even if we assume <u>dubitante</u> that the somewhat reduced fee request was not a reasonable order. A fee application may not be used as "an opening gambit in negotiations to reach an ultimate result." <u>Lewis</u>, 944 F.2d at 958.

<u>Affirmed.</u>