Causey E. GRAM, Jr.,
Plaintiff-Appellant,

v.

BANK OF LOUISIANA,
Defendant-Appellee.

No. 81–3213
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 12, 1982.

Patrick D. Breeden, New Orleans, La., for plaintiff-appellant.

Gerald Wasserman, New Orleans, La., for defendant-appellee.

Before CLARK, Chief Judge, RUBIN and JOHNSON, Circuit Judges.

CLARK, Chief Judge:

This tempest in a teapot originated in Clothes Town, Ltd., in New Orleans on November 30, 1977. There Mrs. Causey E. Gram, Jr., purchased four skirts with her husband's "Mr. Bol." card, a charge system operated by the Bank of Louisiana. Mrs. Gram subsequently returned the skirts, but Clothes Town was unable to issue her a "Mr. Bol." credit slip. Mrs. Gram then contacted the bank, which informed her that the charge for the skirts would be removed in the next billing cycle. The bank failed to keep this promise, and further attempts to correct the error proved equally fruitless. This suit by Mr. Gram under the Truth-in-Lending Act ensued.

At trial the parties settled Gram's claim for $150.00. A dispute then erupted over the effect of the settlement on the recovery of attorney's fees. The bank contended that settlement of the substantive claim necessarily amounted to a settlement of the entire lawsuit, including attorney's fees. Gram countered that the settlement agreement reserved the issue and that he was entitled to reasonable attorney's fees under 15 U.S.C. § 1640(a)(3). After a hearing on the matter, the district court denied Gram's request for fees without opinion and entered judgment accordingly. We vacate this judgment and remand the case for further proceedings.

The sole question presented by this appeal is whether Gram was entitled to attorney's fees. He stakes his claim under § 1640(a)(3), which provides for the award of attorney's fees "in the case of any successful action" under the Truth-in-Lending Act. The bank's position is that an action is not "successful" unless it results in a final judgment finding a violation of the Act. Here, because the case was settled, the bank contends that it was not "successful" and thus that attorney's fees are not mandated.

■ We disagree. The bank's interpretation of § 1640 would do violence to its goal of "creating a system of 'private attorneys general' who will be able to aid the effective enforcement of the Act. Section 1640 is intended to allow aggrieved consumers to participate in policing the Act, and its language should be construed liberally in light of its broadly remedial purpose." *Thomas v. Myers-Dickson Furniture Co.*, 479 F.2d 740, 748 (5th Cir. 1973) (citations omitted). Awarding attorney's fees only in cases where rights are vindicated after a full-blown trial would discourage consumers from seeking judicial relief for violations of the Act. This would defeat § 1640's *raison d'etre*, a result we cannot abide.

■ Our conclusion is bolstered by the jurisprudence developed under 42 U.S.C. § 1988, a similar statute providing for the award of attorney's fees to "prevailing" parties in civil rights cases. Those decisions establish that a plaintiff who achieves a meaningful settlement is a "prevailing" party under § 1988 and thus entitled to attorney's fees. *E.g., Maher v. Gagne,* 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980); *Brown v. Culpepper,* 559 F.2d 274 (5th Cir. 1977). Although the legislative history of § 1988 is clear on this point and that of § 1640 is silent, we find this distinction unimportant. Both statutes were enacted by Congress to encourage private liti-

**730**

gants to assert important rights. It is inconceivable that Congress intended that we give the two statutes opposite constructions.

 We express two caveats. First, nuisance settlements should not give rise to fee awards. *Chicano Police Officer's Ass'n v. Stover,* 624 F.2d 127, 131 (10th Cir. 1980). Second, a plaintiff may waive his right to attorney's fees in a negotiated settlement agreement. *Id.* at 132.[1] But Gram did not waive his right to fees here. The district court correctly interpreted the agreement to permit consideration of whether fees should be awarded.

We remand this case to the district court for further proceedings, not inconsistent with this opinion, to determine the amount of the attorney's fees award. In making this decision, the court must make findings on all applicable guidelines established in *Johnson v. Georgia Highway Express,* 488 F.2d 714, 717–19 (5th Cir. 1974), as required by our precedents.

VACATED AND REMANDED.

---

1. *But see* Bartell, Awards of Attorneys' Fees by the Federal Courts, Part II, 6 ALI ABA Course Materials Journal, 63, 66 (1982), discussing the possible conflict of interest between the attorney and his client when the principal settlement and the fee allowance are negotiated simultaneously, and citing cases dealing with that question. *See also* Opinion No. 80–84, Committee on Professional Responsibility and Judicial Ethics, Association of the Bar of the City of New York (Sept. 18, 1981).