**Evelyn de JESUS, Plaintiff, Appellant,**

v.

**BANCO POPULAR de PUERTO RICO, et al., Defendants, Appellees.**

**No. 90–1350.**

United States Court of Appeals, First Circuit.

Heard Sept. 11, 1990.

Decided Oct. 31, 1990.

Antonio Jimenez Miranda with whom Jimenez & Segarra, Hato Rey, P.R., was on brief, for plaintiff, appellant.

Frank Catala Morales, Bayamon, P.R., for defendants, appellees.

Before CAMPBELL and SELYA, Circuit Judges, and COFFIN, Senior Circuit Judge.

COFFIN, Senior Circuit Judge.

A jury awarded appellant Evelyn de Jesus $30,000 in a lawsuit brought against Banco Popular de Puerto Rico under several federal consumer protection statutes, including the Truth in Lending Act, 15 U.S.C. §§ 1601–1667e.[1] She filed a motion seeking attorney's fees, but the district court denied her request because "[t]he generous award made by the jury is more than enough." She claims on appeal that the court abused its discretion in rejecting a fee award, asserting that the statutes under which she brought suit require that successful plaintiffs receive a reasonable attorney's fee as part of their compensation.[2]

The jury returned a general verdict against defendant, and therefore did not specify which statute or statutes had been violated. Both parties assume, however, that the verdict at least represented a finding of liability under the Truth in Lending Act. We shall do likewise, and focus our discussion on the attorney's fee provision contained in that Act. Whether the jury also found liability based on the other consumer protection acts is, in any event, inconsequential because those statutes have virtually identical provisions regarding the award of attorney's fees.[3]

Section 130(a) of the Truth in Lending Act provides, in relevant part:

> Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part ... with respect to any person is liable to such person in an amount equal to the sum of—
>
> (1) any actual damage sustained by such person as a result of the failure;
>
> (2) ...
>
> (3) in the case of any successful action to enforce the foregoing liability ..., the costs of the action, together with a reasonable attorney's fee as determined by the court.

*See also* 15 U.S.C. § 1681n (Fair Credit Reporting Act); 15 U.S.C. § 1692k (Fair Debt Collection Practices Act).

The language in section 1640(a) unequivocally entitles a successful Truth–in–Lending plaintiff to an award of attorney's fees, and leaves only *the amount* of the award to the court's discretion. Defendant has cited us no authority contrary to this view of the language, and we have found none. That this provision plainly requires an award of attorney's fees is made all the more obvious through a comparison with the language in 42 U.S.C. § 1988, a similar statute authorizing an award of attorney's fees to prevailing plaintiffs in civil rights suits brought, *inter alia*, under 42 U.S.C. § 1983. Section 1988 expressly provides that a court, "[i]n any action or proceeding

---

**1.** Plaintiff's complaint also claimed damages or jurisdiction under the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691–1691f, the Fair Credit Reporting Act, 15 U.S.C. §§ 1681–1681t, and 42 U.S.C. § 1983. The case apparently also involved a claimed violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692o. *See* Briefs and Order of the Court, May 29th, 1987 (App. at 8).

**2.** Plaintiff originally sought fees based on defendant's obstinacy under 28 U.S.C. § 1927, Fed. R.Civ.P. 11 and Rule 44.1(d) of the Puerto Rico Rules of Civil Procedure, which give the court some discretion in deciding whether to award fees. After the district court denied the motion, plaintiff filed a request for reconsideration, arguing that the federal statutes under which she brought suit *required* an award of attorney's fees to prevailing plaintiffs. The memorandum seeking reconsideration was filed within 45 days after the December 26, 1989 entry of judgment, and so her request for fees under the statutes, although not made initially, was timely. *See* Local Rule 332 of the United States District Court for the District of Puerto Rico.

**3.** Neither party addresses whether plaintiff is entitled to fees under 42 U.S.C. § 1988, the attorney's fee provision for cases brought under section 1983, and we therefore do not discuss that issue.

to enforce a provision of section[ ] ... 1983 ... *in its discretion, may allow* the prevailing party ... a reasonable attorney's fee as part of the costs." (Emphasis added.)

■ Despite the explicit grant of discretion in section 1988, it is well-established that a court may not deny an award of attorney's fees to a prevailing civil rights plaintiff in the absence of special circumstances rendering the award unjust, *see Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S.Ct. 1933, 1937, 76 L.Ed.2d 40 (1983), and this court requires findings of fact and conclusions of law identifying the special circumstances and explaining why an award would be inappropriate, *Stefan v. Laurenitis*, 889 F.2d 363, 371 (1st Cir. 1989); *Burke v. Guiney*, 700 F.2d 767, 772 (1st Cir.1983).[4] Although not every fee-shifting statute gives as little discretion to the court in deciding *whether* to make a fee award as does section 1988, *see, e.g., Aronson v. United States Dep't of Hous. and Urban Dev.*, 866 F.2d 1, 2–3 (1st Cir.1989) (Freedom of Information Act), the goal of the fee provision here mirrors that of section 1988. Both were designed to create a system of "private attorney generals" to aid in effective enforcement of the substantive statute. *See Bizier v. Globe Financial Services*, 654 F.2d 1, 2 (1st Cir.1981) (Congress sought in the TILA "to vest considerable enforcement power in 'private attorneys general' "); *Thomas v. Myers–Dickson Furniture Co.*, 479 F.2d 740, 748 (5th Cir.1973) (same). We therefore think it appropriate in reviewing section 1640(a) to find guidance in the precedent surrounding section 1988. *Accord Gram v. Bank of Louisiana*, 691 F.2d 728, 729–30 (5th Cir. 1982). Thus, in the case of the Truth in Lending Act—whose attorney's fee provision is phrased in mandatory, rather than discretionary terms—it is evident that fees may be denied a successful plaintiff only in the most unusual of circumstances.

■ Defendant offers two primary reasons why it nevertheless was proper for the district court to reject plaintiff's request for attorney's fees. First, it claims that plaintiff is not a "successful" party entitled to attorney's fees because the jury awarded far less than she had sought as a settlement. This argument is patently meritless. The jury awarded plaintiff substantial damages—far more than were justified, according to defendant—and it would defy logic to characterize her as *un*successful.

Moreover, defendants offer no support for their theory limiting success to those plaintiffs whose damage awards closely approximate the sums sought. Indeed, the Supreme Court has firmly rejected this approach, holding unanimously that "the *degree* of the plaintiff's success in relation to the other goals of the lawsuit is a factor critical to the determination of the size of a reasonable fee, not to eligibility for a fee award at all," *Texas State Teachers Ass'n v. Garland Independent School Dist.*, 489 U.S. 782, 109 S.Ct. 1486, 1492, 103 L.Ed.2d 866 (1989) (emphasis in original). *See also City of Riverside v. Rivera*, 477 U.S. 561, 574, 106 S.Ct. 2686, 2694, 91 L.Ed.2d 466 (1986) ("The amount of damages a plaintiff recovers is certainly relevant to the *amount* of attorney's fees to be awarded. . . .") (emphasis added); *id.* at 585 (Powell, J., concurring). Any other view would be inconsistent with the recognized principle that even small damage awards may mean a substantial victory for " 'a policy that Congress considered of the highest importance,' " *City of Riverside*, 477 U.S. at 575, 106 S.Ct. at 2694 (quoting H.R.Rep. No. 94–1558 (1976), U.S. Code Cong. & Admin. News 1976, 5908).

---

4. " 'Among the special circumstances that may be considered are "the presence or absence of any bad faith or obdurate conduct on the part of either party, and any unjust hardship that a grant or denial of fee-shifting might impose." ' " *Stefan v. Laurenitis*, 889 F.2d 363, 371 (1st Cir. 1989) (quoting *Burke v. Guiney*, 700 F.2d 767, 773) (1st Cir.1983) (quoting *Zarcone v. Perry*, 581 F.2d 1039, 1044 (2d Cir.1978))). *See also Ackerley Communications, Inc. v. Salem, Or.*, 752 F.2d 1394, 1396–98 (9th Cir.1985) (reversing denial of attorney's fees because of " 'a complete absence of any showing of special circumstances' " (quoting *Universal Amusement Co. v. Hofheinz*, 616 F.2d 202, 205 (5th Cir.1980)).

■ Second, defendant argues that the evidence did not support even the amount of the award made by the jury, and so the district court properly could prevent the plaintiff from enhancing her damages through an award of attorney's fees. This argument seems to echo the district court's thinking, as revealed by its statement that plaintiff received a "generous award" that was "more than enough."[5]

Although we recognize that a trial court properly may play a role in ensuring that justice is accomplished between the parties that come before it, *see infra*, we do not believe that section 1640(a) allows the court the option it chose in this case for balancing the equities. Under the statute, because the plaintiff prevailed, she is entitled to a reasonable attorney's fee. The court therefore abused its discretion when it rejected entirely her request for a fee award, and we accordingly must remand the case for determination of an appropriate fee.[6]

■ This result does not prevent a court from intervening between a jury and the parties in other ways in appropriate circumstances. In this case, for example, defendant filed a motion seeking a judgment notwithstanding the verdict or, in the alternative, a remittitur. If the court believed that the jury's verdict was unsupported by the evidence, it could have granted judgment notwithstanding the verdict to defendant. If it believed that the verdict was supportable, but that the jury's award of damages was grossly excessive, it could have fixed a remittitur amount. *See Pinner v. Schmidt*, 805 F.2d 1258, 1265 (5th Cir.1986) (ordering a conditional remittitur in a case brought under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681–1681t). A court also may limit the recovery of

attorney's fees in the event of excessive lawyering. *See In re Pine*, 705 F.2d 936, 939 (7th Cir.1983) (the relationship between the stakes in a suit and the lawyer's effort is relevant in determining the reasonableness of an attorney's fee request under the Truth in Lending Act); *Kramer v. Marine Midland Bank*, 577 F.Supp. 999, 1000–01 (S.D.N.Y.1984) (awarding $2,000 in counsel fees in face of request for $38,634.75).[7]

The court must, however, upon proper proof, award attorney's fees to a prevailing plaintiff sufficient to vindicate the Congressional goal of creating " 'a system of private attorneys general to aid in effective enforcement of the [Truth in Lending] Act,' " *Postow v. OBA Federal Sav. & Loan Ass'n*, 627 F.2d 1370, 1389 (D.C.Cir. 1980) (quoting *McGowan v. Credit Center of North Jackson, Inc.*, 546 F.2d 73, 77 (5th Cir.1977)). *See also In re Pine*, 705 F.2d at 938–39. The amount of the award should be calculated in accordance with the Supreme Court's substantial precedent on the standards for determining a reasonable attorney's fee. *See Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1201–10 (10th Cir.1986) (using *Hensley* principles for determining fees under the Truth in Lending Act, Fair Credit Reporting Act and Fair Debt Collection Practices Act); *Bustamante v. First Federal Sav. & Loan Ass'n, Etc.*, 619 F.2d 360, 365–66 (5th Cir. 1980); *McGowan*, 546 F.2d at 77. *See also Hensley*, 461 U.S. at 433 n. 7, 103 S.Ct. at 1939 n. 7 (The principles for determining a reasonable attorney's fee set out in that case "are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.' ").

Accordingly, we reverse the district court's denial of plaintiff's motion seeking reconsideration of its request for attorney's

---

5. At oral argument, defendant's counsel also contended that plaintiff should not be deemed "successful" within the meaning of the statute because she received an excessive award. As discussed above, it would be absurd to say that plaintiff did not succeed, regardless of whether that success was warranted.

6. Technically, our holding is that the district court abused its discretion in denying plaintiff's motion for reconsideration of its original denial

of attorney's fees. *See Appeal of Sun Pipe Line Co.*, 831 F.2d 22, 24–25 (1st Cir.1987) (discussing standard of review for reconsideration motions).

7. We emphasize that we indicate no view of whether the district court in this case properly could have granted j.n.o.v. or fixed a remittitur amount, or whether this case involved excessive lawyering.

fees, and remand for determination of a reasonable fee consistent with the principles discussed above. The district court should include in its fee award a reasonable attorney's fee for services rendered in connection with this appeal.

*Reversed and remanded.*