**Paul D.S. EDWARDS, Plaintiff,**

v.

**NATIONAL BUSINESS FACTORS, INC., Defendant.**

**No. CVS–94–584–LRL.**

United States District Court, D. Nevada.

July 6, 1995.

Mitchell D. Gliner, Las Vegas, NV, for plaintiff.

Robert C. Herman, Carson City, NV, for defendant.

### ORDER

LEAVITT, United States Magistrate Judge.

This matter is before the Court on plaintiff's Motion for an Award of Attorney's Fees and Costs and Motion for Judgment (# 33, filed June 2, 1995). The Court has considered the motion, defendant's Opposition (# 34, filed June 12, 1995), and plaintiff's Reply (# 36, filed June 15, 1995).

### DISCUSSION

**1. Attorney's Fees**

■ Under the Fair Debt Collection Practices Act ("FDCPA"), the prevailing plaintiff is entitled to "a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). Such an award is mandatory under the FDCPA. *Graziano v. Harrison,* 950 F.2d 107, 113 (3d Cir.1991); *see also de Jesus v. Banco Popular de Puerto Rico,* 918 F.2d 232, 234 (1st Cir.1990). In this case, Edwards has met this threshold requirement, and therefore his attorney, Mitchell D. Gliner, is entitled to a reasonable fee and costs.

■ The amount of reasonable attorney's fees is within the sound discretion of the trial court, and will not be disturbed absent a clear abuse of discretion. *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 69 (9th Cir.1975), *cert. denied sub nom. Perkins v. Screen Extras Guild, Inc.,* 425 U.S. 951, 96

S.Ct. 1726, 48 L.Ed.2d 195 (1976). In *Kerr*, the Ninth Circuit listed twelve factors a district court should consider in setting an award of attorney's fees.[1] "[T]he district court 'need not discuss specifically each of the twelve factors. It is sufficient if the record shows that the court considered the factors called into question by the case at hand and necessary to support the reasonableness of the fee award.'" *Newhouse v. Robert's Ilima Tours, Inc.*, 708 F.2d 436, 441 (9th Cir.1983) (citation omitted).

In *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), the Supreme Court also addressed the issue of "reasonableness" of attorney's fees.

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonably hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed.

*Id.* at 433, 103 S.Ct. at 1939. "The figure reached through this method is called the lodestar amount.... The lodestar amount may then be enhanced or reduced based on the circumstances of the particular litigation." *Soler v. G & U, Inc.*, 801 F.Supp. 1056, 1060 (S.D.N.Y.1992).

█ As an initial lodestar amount, Mr. Gliner has submitted evidence that he is entitled to fees amounting to $9,275.00. He arrives at this figure by multiplying the number of hours he spent on the case, 53, by his hourly rate of $175.00.[2] Defendant, however, objects to Mr. Gliner's hourly rate because

"[c]ounsel does not state in his affidavit that $175.00 per hour is his usual or customary rate for legal services or that he routinely charges clients this rate." Despite defendant's objection, the Court believes that Mr. Gliner's hourly rate is reasonable under the circumstances. As the Honorable Philip M. Pro, United States District Judge, stated in a recent FDCPA case in which Mr. Gliner was counsel for plaintiff:

> Counsel for Plaintiff further establishes that his fee is $175.00 an hour. Counsel for Plaintiff does not identify other evidence of a market rate in this legal community, but does note that the Seventh Circuit approved a fee of $275.00 per hour. *See Tolentino v. Friedman*, 46 F.3d 645, 651–53 (7th Cir.1995), *petition for cert. filed*, (May 1, 1995). The Court, drawing on its own experience in considering the prevailing market rate, finds that an hourly rate in the amount of $175.00 is reasonable and appropriate.

*Annunciation v. West Capital Fin. Serv. Corp.*, CV–S–94–719–PMP (LRL), Order, at 4. Moreover, in his reply, Mr. Gliner has submitted some evidence that his standard billing rate is $175.00 "in those instances where work has been undertaken on an hourly basis." Therefore, the Court is satisfied that Mr. Gliner's hourly rate provides a reasonable basis to calculate the lodestar amount.

█ The Court, however, is not convinced that all of Mr. Gliner's billing entries should be allowed. "The district court also should exclude from this initial fee calculation hours that were 'not reasonably expended.'" *Hensley*, 461 U.S. at 433–34, 103 S.Ct. at 1939 (citation omitted). In other words, "the

---

1. The *Kerr* court adopted the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 719 (5th Cir.1974):
   (1) the time and labor required;
   (2) the novelty and difficulty of the question involved;
   (3) the skill requisite to perform the legal service properly;
   (4) the preclusion of other employment by the attorney due to acceptance of the case;
   (5) the customary fee;
   (6) whether the fee is fixed or contingent;
   (7) time limitations imposed by the client or the circumstances;
   (8) the amount involved and the results obtained;
   (9) the experience, reputation, and ability of the attorneys;
   (10) the "undesirability" of the case;
   (11) the nature and length of the professional relationship with the client; and
   (12) awards in similar cases.
   *Kerr*, 526 F.2d at 70.

2. In his reply, Mr. Gliner states that he spent an additional 1.5 hours, thereby adding $262.50 to the original lodestar of $9,275.00.

court has discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." *Soler,* 801 F.Supp. at 1060 (citation omitted); *see also Gates v. Deukmejian,* 987 F.2d 1392, 1399 (9th Cir.1992). For example, defendant contends that Mr. Gliner's billing entry on November 9, 1994 for 21 hours in preparing a motion for summary judgment is excessive and should be reduced, given that "plaintiff's counsel filed a number of cases for alleged violations of the Fair Debt Collection Practices Act before filing this case and undoubtedly prepared briefs, motions and points and authorities in the previous cases." Mr. Gliner responds to this objection by observing that his experience in FDCPA cases allowed him to complete the summary judgment motion in substantially less time than would have been otherwise possible. Nevertheless, Mr. Gliner states that considerable original research was necessary, and it "would have taken at least 50 to 70 hours to author this brief had all work and research been completely original." Unfortunately, Mr. Gliner submits very generalized evidence of the time he spent on the summary judgment motion. The entry for November 9, 1994 simply states: "Motion for Partial Summary Judgment, 21.00 hours." Because the Court cannot discern how Mr. Gliner spent these 21 hours, and it appears that this entry may be excessive given Mr. Gliner's admitted expertise in FDCPA cases, the Court subtracts five hours from this entry.[3]

■ Additionally, the Court is somewhat troubled by Mr. Gliner's practice of billing in quarter of an hour increments rather than the more traditional tenth of an hour increments. In real terms, this means that every time Mr. Gliner recorded an entry (at his hourly rate of $175.00), he charged at least $43.75 regardless of the actual time spent in connection with the activity. Of course, the Court has no way of verifying the time required to conduct phone calls concerning the case. Certain entries, however, can be judged by an objective standard and a few entries appear excessive. For example, an entry on December 19, 1994 reflects that Mr. Gliner spent .25 hours reviewing Judge McKibben's order which denied his motion for summary judgment. The Court finds that no attorney reasonably needed fifteen minutes to review Judge McKibben's approximately one-page order. The Court therefore deducts an additional two hours from the lodestar amount.[4]

## 2. Costs

The FDCPA also provides that a Court must award a prevailing plaintiff the costs in bringing the action. 15 U.S.C. § 1692k(a)(3). Mr. Gliner claims $395.25 in costs. Under Local Rules 205–2 and 205–4, the Court finds that these costs are compensable and reasonable, and will award that amount.

IT IS THEREFORE ORDERED that Plaintiff's Motion for an Award of Attorney's Fees and Costs and Motion for Judgment (# 33) is granted as follows:

1. Plaintiff is awarded attorney's fees in the amount of $8,312.50.[5]

2. Plaintiff is awarded costs in the amount of $395.25.

IT IS FURTHER ORDERED that in accordance with the Court's Findings of Fact and Conclusions of Law (# 32, entered May 25, 1995), the judgment includes the award of attorney's fees and costs in the amount of

---

3. A more specific entry, for example, would have told the Court the precise issues that required original research and how much time was spent researching these issues.

4. In deducting certain hours from the lodestar figure, the Court emphasizes that it questions more *the method* by which Mr. Gliner calculates his fee, *i.e.,* quarter hour increments, rather than the accuracy of the descriptions on Mr. Gliner's time and cost sheet. The Court recognizes that Mr. Gliner has made a good faith effort to discount certain hours. For example, as Mr. Gliner

states, he entered only four hours for preparation of his trial brief because it "was, in large part, a regurgitation of Plaintiff's Motion for Partial Summary Judgment. It is for this reason that the 25–page heavily cited research project required only 4 hours of additional effort." For this reason, the Court only deducts an additional two hours.

5. The Court arrives at this figure by subtracting seven hours of attorney's fees at the $175.00 hourly rate from Mr. Gliner's total fee request of $9,537.50.

$8,707.75, resulting in a total judgment of $9,707.75.