**ALLRIGHT MORTGAGE COMPANY**

v.

**Veda T. HILL.**

**Civ. A. Nos. CCB–96–3686, CCB–97–366.**

United States District Court,
D. Maryland.

July 11, 1997.

## MEMORANDUM

BLAKE, District Judge.

Now pending is the appeal filed by Allright Mortgage Company ("Allright") under civil action number CCB–96–3686, challenging the judgment entered by Bankruptcy Judge E. Stephen Derby on October 31, 1996 granting relief to Veda T. Hill, a Chapter 13 bankruptcy debtor. In February 1996 Judge Derby presided over the trial of Ms. Hill's adversary complaint alleging three violations of the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and two violations of the Maryland Consumer Protection Act, Md. Code Ann., Com. Law II §§ 13–101 to –501 (1990). In his Memorandum Opinion Granting Relief, issued October 15, 1996 and followed by the judgment, Judge Derby found that both the TILA and the Consumer Protection Act had been violated in certain respects, that Ms. Hill was entitled to rescind the loan transaction, and that Ms. Hill was entitled to certain damages by way of setoff. (*See* R. at 119.) This judgment reduced Allright's claim from $26,656.83 as a secured creditor to $3,008.64 as an unsecured creditor. (*See id.* at 167.)

By separate Memorandum and Order entered January 3, 1997, Judge Derby awarded Ms. Hill $11,824.10 in attorney's fees and $366.00 in costs. Allright also has noted an appeal from the award of attorney's fees,[1] and Ms. Hill noted a cross-appeal.[2] The two

---

1. This appeal of the attorney's fee award is filed under civil action number CCB–97–366. Because the appeal from the decision on the merits and the appeal of the award of attorney's fees are related, the appeals have been consolidated. The court will address both appeals in this opinion.

2. Allright does not contest the specific amount of the fee awarded, but contends that because Ms. Hill should not have prevailed, no fee should have been awarded. Ms. Hill's cross-appeal is directed at the reductions made by Judge Derby in the amount she requested.

appeals have been consolidated for purposes of this court's review.

Having considered the briefs filed by both sides, Judge Derby's Memorandum Opinion, and the relevant portions of the record, I fully agree with Judge Derby that Ms. Hill proved violations of the TILA and the Maryland Consumer Protection Act by Allright and is entitled to the relief Judge Derby granted. Accordingly, the judgment entered on October 31, 1996 is Affirmed for the reasons stated in the Memorandum Opinion of October 15, 1996.

Further discussion is required as to the award of attorney's fees. Ms. Hill requested $21,201.25 based on 121.5 total hours expended at a claimed hourly rate of $175.00. (*See id.* at 149.) Judge Derby found the hourly rate reasonable, but reduced the amount awarded by half, citing several reasons. The first reason cited was counsel's failure to exercise billing judgment, including her failure to recognize unproductive and inefficient use of time, which may have occurred "to some degree because of her lack of familiarity with Bankruptcy Court procedures and rules." (*See id.* at 167.)[3] Second, Judge Derby noted that some of the time claimed was for nonprofessional services, such as travel time to file pleadings. Third, Judge Derby believed that a fee of $21,567.25, which almost equaled the $23,648.19 benefit obtained by the plaintiff, could not be justified on a "cost-benefit analysis." (*See id.*) The benefit obtained was "realistically the maximum that could have been anticipated," and Judge Derby concluded that it was unlikely a private client would pay so much for a comparable benefit. (*See id.* at 168.) Fourth, finding that this was a "test case," Judge Derby also concluded that it involved "extra lawyering" to some extent, which the defendant should not have to pay for. In summary, he stated:

> Based primarily on a cost benefit analysis for the plaintiff, and on the court's sense from experience of what it should cost to try an adversary proceeding of this complexity, the court will make an award of

50% of the benefit achieved to the plaintiff for attorney's fees, i.e. $11,824.10.

(*Id.*)

■ Some award is required for a prevailing plaintiff under the TILA, absent unusual circumstances. *See de Jesus v. Banco Popular de Puerto Rico,* 918 F.2d 232, 233–34 (1st Cir.1990). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983); *accord Rum Creek Coal Sales, Inc. v. Caperton,* 31 F.3d 169, 174 (4th Cir.1994). This is referred to as the lodestar amount or fee. *See Carroll v. Wolpoff & Abramson,* 53 F.3d 626, 628 (4th Cir.1995). Subsumed in the lodestar calculation is a consideration of twelve factors established in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974). *See Hensley,* 461 U.S. at 434 & n. 9, 103 S.Ct. at 1940 & n. 9; *see also Rum Creek Coal Sales, Inc.,* 31 F.3d at 174–75. Thus, in determining an award of attorney's fees under the TILA, as in determining an award of fees under 42 U.S.C. § 1988 and in bankruptcy cases generally, the twelve *Johnson* factors generally should be applied. *See Barber v. Kimbrell's, Inc.,* 577 F.2d 216, 226 (4th Cir.) (applying twelve *Johnson* factors to determine reasonable attorneys' fees under the TILA and concluding "that these factors must be considered in arriving at a determination of reasonable attorneys' fees in any case where such determination is necessary"), *cert. denied,* 439 U.S. 934, 99 S.Ct. 329, 58 L.Ed.2d 330 (1978); *cf. Harman v. Levin,* 772 F.2d 1150, 1151 (4th Cir.1985) (holding that the factors set out in *Barber* are properly employed in the determination of a reasonable attorney's fee under 11 U.S.C. § 330). These factors were addressed by the parties in their memoranda and presumably were considered by Judge Derby.

■ Whether to award the full amount of any lodestar fee in a TILA case is properly within the discretion of the trial judge.

---

**3.** Arguably, counsel's lack of familiarity with bankruptcy practice might affect the reasonable hourly rate as well. *See Buffington v. Baltimore County, Md.,* 913 F.2d 113, 130 (4th Cir.1990), *cert. denied,* 499 U.S. 906, 111 S.Ct. 1106, 113 L.Ed.2d 216 (1991).

*Cf. Carroll,* 53 F.3d at 629 (comparing an award under the Fair Debt Collection Practices Act to an award under the TILA). Judge Derby's first and second reasons to reduce the requested fee, essentially finding that the number of hours requested were excessive when he examined how those hours were spent, and his fourth reason, to the extent he found that some of the time spent was not sufficiently related to Ms. Hill's claims against Allright to warrant making Allright pay Ms. Hill for that time, are appropriate exercises of his discretion and are supported by relevant case law. *See, e.g., Hensley,* 461 U.S. at 434, 103 S.Ct. at 1940 (" 'Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority.' ") (quoting *Copeland v. Marshall,* 641 F.2d 880, 891 (D.C.Cir.1980) (en banc) (emphasis in the original)); *Trimper v. City of Norfolk, Va.,* 58 F.3d 68, 76–77 (4th Cir.) (affirming district court's disallowance of fees for duplicative efforts, time spent doing excessive and unnecessary work, and reduction in fee for fee phase of lawsuit because attorney spent disproportionate amount of time pursuing fees), *cert. denied,* —— U.S. ——, 116 S.Ct. 535, 133 L.Ed.2d 440 (1995); *Daly v. Hill,* 790 F.2d 1071, 1079–80 (4th Cir.1986) (upholding disallowance of fees for hours expended that district court determined were "excessive" and "duplicative"). Achievement of only partial or limited success also is an appropriate reason for reducing an attorney's fee award. *See Carroll,* 53 F.3d at 629. Ms. Hill, however, achieved a fully satisfactory result, obtaining the maximum benefit she could have personally expected and also successfully vindicating the purposes of the TILA, a consumer protection act which permits the award of attorneys' fees in large part to encourage its use in appropriate cases, *see de Jesus,* 918 F.2d at 234 ("[T]he goal of the [TILA] fee provision ... mirrors that of section 1988. Both were designed to create a system of 'private attorney generals' to aid in effective enforcement of the substantive statute."); *Jones v. Seldon's Furniture Warehouse, Inc.,* 357 F.Supp. 886, 887 (E.D.Va.1973) (concluding that the attorneys' fees provision of the TILA was "designed to promote private litigation"). This degree of success ordinarily supports a full award of the lodestar fee (after any other appropriate reductions as discussed above) rather than a "cost-benefit" reduction of the fee. *See, e.g., Hensley,* 461 U.S. at 435, 103 S.Ct. at 1940 ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee."); *Rum Creek Coal Sales, Inc.,* 31 F.3d at 180 (reversing district court's across-the-board 30% reduction of the fee request in part because the prevailing party "obtained all of the results which it sought," a factor that "tend[s] to weigh in favor of full compensation"); *cf. Reneau v. Mossy Motors,* 622 F.2d 192, 196 (5th Cir.1980).

Accordingly, I am constrained to find that Judge Derby's third reason for the fifty-percent cut he made in Ms. Hill's fee cannot be sustained. Because the amount of reduction attributable to that reason, as opposed to the other reasons cited by Judge Derby, cannot be determined from the face of his Memorandum and Order, a remand on the issue of attorneys' fees will be required so that Judge Derby can indicate the amount of any reduction properly attributable to the other factors he cited.