Limpieza **CIUDADANA**
et al., Plaintiffs,

v.

Aurelio **GRACIA–MORALES**
et al., Defendants.

Civil No. 02–2191(DRD).

United States District Court,
D. Puerto Rico.

Feb. 22, 2005.

Salvador Tio–Fernandez, Santurce, PR, Jose R. Ortiz–Velez, San Juan, PR, Roberto A. Fernandez–Quiles, Hato Rey, PR, for Plaintiffs.

Ramon L. Walker–Merino, Rene Arrillaga–Belendez, San Juan, PR, for Defendants.

## OPINION AND ORDER

DOMINGUEZ, District Judge.

Pending before the Court are defendants' *Motion to Request Opinion and Order as to Attorneys' Fees* (Docket No. 111), and plaintiffs' *Amended Motion for Entry of Judgment as to Attorneys' fees Pursuant to 42 U.S.C. § 1988* (Docket No. 112). Both parties are essentially requesting that the *Opinion and Order* read in open Court on September 29, 2004, (as transcribed in Docket No. 100) be entered but adjusted by agreement of the parties to the amount of $100,000.00 in attorneys' fees including costs. All parties affirm that the Court's decision is final and unappealable.

Thus, the Court **GRANTS** both parties requests and enters the *Opinion and Order* as transcribed by the Court Reporter, but adjusted to the agreed upon amount of $100,000.00.

### OPINION AND ORDER

Pending before the Court are Plaintiffs' *Petition for an Award of Attorneys' Fees and Litigation Expenses and Memorandum in Support Thereof* (Docket No. 59); *Plaintiffs' Supplemental Petition of Attorneys' Fees Pursuant to 42 U.S.C. § 1988 and Filing Documents in its Support* (Docket No. 61); *Plaintiffs' Motion Requesting the Court to Entertain Petition For Statutory Attorneys' Fees and to Grant the Same as Requested* (Docket No. 71); *Plaintiffs' Motion Submitting Addendum of their Motion Reiterating Petition for Attorneys' Fees* (Docket No. 72) and; *Plaintiffs' Motion Reiterating Request to Entertain Petition for Attorneys' Fees in View of Mandate of the Court of Appeals* (Docket No. 78).

In their petition for attorneys' fees (Docket No. 59) and (Docket No. 61)[1] plaintiffs request the Court to grant attorneys' fees and related litigation expenses for the professional work carried out by plaintiffs' counsel in the instant case. Defendants duly filed their *Response to Request For Attorney's Fees and Expenses* (Docket No. 65) opposing said request for attorneys' fees. Defendants sustain that plaintiffs are not a "prevailing party". In the alternative, even if plaintiff is considered as a prevailing party the fees and expenses requested by the three attorneys[2] is disproportionate to the ultimate result of the litigation because they only

---

1. *Petition for an Award of Attorneys' Fees and Litigation Expenses and Memorandum in Support Thereof* (Docket No. 59) includes Attorney Fernández and Ortiz Velez's request for attorneys' fees. *Plaintiffs' Supplemental Petition of Attorneys' Fees Pursuant ti 42 U.S.C. § 1988*

*and Filing Documents in its Support* (Docket No. 61) is Attorney Tió's request for attorney's fees.

2. Said fees and costs amount to $141,677.42.

prevailed on one of the constitutional challenges. Further, the request is exaggerated to the point that it should be denied in its entirety. Plaintiffs filed their *Reply to Defendants' Opposition to Petition for Attorney's Fees* (Docket No. 69)where Plaintiffs avers that defendants' objections should be dismissed and the attorneys' fees requested should be granted.[3] On September 17, 2003, the plaintiffs filed a *Motion Submitting Revised Time Slips Using the Task Performance Method per Court's Order of September 3, 2004* (Docket No. 94). On September 24, 2004 the defendants filed their Opposition (Docket No. 96) and on September 27, 2004 the plaintiffs filed their reply (Docket No. 97). The Court is ready to rule.

## I. Background

Plaintiffs filed their Complaint on August 9, 2002. On September 23, 2003 Defendants filed a *Motion to Dismiss* (Docket No. 8) to which Plaintiffs were compelled to respond (Docket No. 9). This Court then denied (Docket No. 15) defendants' *Motion for Consolidation* of the instant case with *Pérez Guzmán* (Docket No. 4) and allowed the intervention of the local Secretary of Justice who requested to defend the challenged constitutional validity of the questioned challenged statutes (Docket No. 12). Plaintiffs then timely opposed (Docket No. 14).

On March 10, 2003 then Chief Judge Laffitte issued an Opinion and Order declaring unconstitutional requirements that new political parties were required the use of notary publics to register individual party affiliates as set forth under the local Electoral Law. *Perez Guzman v. Gracia,* 260 F. Supp 2d 389 (D.P.R.2003) Two days later, plaintiffs filed a motion for preliminary injunction in the instant case (Docket No. 17). A hearing was scheduled for April 9, 2003. On said hearing the Secretary of Justice's argument prompted the Court to instruct the plaintiffs to amend the complaint (Docket No. 24). An Amended Complaint was submitted (Docket No. 28).

On June 19, 2003 at the Initial Scheduling Conference, the Court set the preliminary injunction for hearing (Docket No. 34).[4] The preliminary injunction hearing was held on July 11 and 14, and after the parties filed their post hearing briefs an *Opinion and Order* was issued on July 21, 2003. (Docket No. 46). Defendants and Intervener filed *Rule 59 Motions* (Docket No. 47 and 48). Further, Defendants informed the Court that they opposed the issuance of a permanent injunction and that they might have additional evidence opposing the final relief. The Court provided defendants three weeks to inform the Court whether they had additional facts, otherwise the Court was ready to issue the permanent injunction following the case of *Pérez Guzmán v. Aurelio Gracia,* 346 F.3d 229 (1st Cir., 2003)(Docket

**3.** Plaintiffs further filed *Plaintiffs' Motion Requesting the Court to Entertain Petition For Statutory Attorneys' Fees and to Grant the Same as Requested* (Docket No. 71) where they reiterated their petition for attorneys' fees. Consequently, Defendants filed their *Second Response to Request for Attorney's Fees and Expenses* (Docket No. 73) sustaining their original position. In response, Plaintiffs' filed their Reply to Defendants' *Second Response to Request for Attorney's Fees and Expenses* (Docket No. 75). Finally, on June 24, 2004, *Plaintiffs' Motion Reiterating Request to Enter-*

*tain Petition for Attorney's Fees in View of Mandate of the Court of Appeals* was filed (Docket No. 78) where Plaintiffs reiterated their request in view that the Courts of Appeals dismissed the Defendants appeal on May 17, 2004.

**4.** Said Hearing was scheduled only after the First Circuit in the case of *Perez Guzman v. Aurelio Gracia* allowed the stay of the Judgment. See Minute I.S.C. (Docket No. 34)

Nos. 53 and 54). Said evidence was never produced and on December 16, 2003 the Court issued a final *Order and Judgment* (Docket No. 58).

On July 21st, 2003 the Court held that the lawyer-notary public requirement to register individual voters contained in Article 3.001(3) of the Puerto Rico Electoral Act was unconstitutional and violated plaintiffs First and Fourteenth Amendment Rights (Opinion and Order Docket No. 46 p. 30). On December 16, 2003, the Court granted plaintiffs' request of permanent injunctive relief. (Docket No. 58).

Plaintiff timely requested compensation at hourly rates for all attorneys that participated in the present litigation, as follows:

a. José R. Ortiz Vélez is an experienced litigator, who has been practicing before the Commonwealth for 19 years and in this federal forum since 1986. Attorney Ortiz Vélez charges at a rate of $250.00 per hour in Court time and $200.00 per hour out of Court time.[5] In the instant case, said attorney sustains that he worked for 293.75 hours out of Court for a total compensation of $58,750.00 and 20 hours in Court for a total of $5,000. For a ground total amount of $63,750.00.

b. Roberto A. Fernández has been involved, since 1990, in numerous civil rights and constitutional cases mainly representing governmental officials from the Commonwealth of Puerto Rico. Attorney Fernández charges at a rate of $225.00 per hour in Court time and $200.00 per hour out of Court time. In the present case, said attorney affirms he worked for 117.75 hours out of Court for a total compensa-

tion of $23,550 and 14.5 hours in Court for a total compensation of $3,262.50. For a grand total amount of $26,812.50.

c. Salvador Tió Fernández is a former director of ACLU's New York Office, former director of litigation at the Puerto Rico Office of Legal Services and a former professor on the University of Puerto Rico Law School. His legal practice includes constitutional and civil rights litigations as well as appellate practice. Attorney Tió charges at a rate of $250.00 per hour in Court time and $200.00 per hour out of Court time. For out of Court work he requested compensation in the amount of $43,300.00 and $5,250.00 as compensation for in Court work. A total compensation of $48,550.00 is requested.

Further, Plaintiffs submitted a Bill of Costs for $1,472.38 for costs authorized pursuant to 28 U.S.C. § 1920.[6] Furthermore counsel incurred in additional expenses which are not authorized under Section 1920 but which allegedly must be covered in accordance with the fee-shifting statute.[7]

## II. Right to Attorney's Fees

In Civil Rights cases a prevailing party is entitled to statutory costs and reimbursement for litigation expenses and attorneys fees. 42 U.S.C. § 1988. Accordingly, courts are in the obligation to award attorneys' fees to a prevailing party in an action brought pursuant to 42 U.S.C. § 1983. The laws as to civil rights compensation of attorneys' fees is that "[u]nless special circumstances would render such award unjust attorney's fees must be awarded." *Blanchard v. Bergeron*, 489 U.S. 87, 89 n. 1, 109 S.Ct. 939, 103 L.Ed.2d

---

5. The hours worked by Attorney José R. Vélez Ortiz and Roberto A. Fernández are documented. See. Exhibit 1 and 2.

6. The Bill of Costs was Denied originally without prejudice. (Docket No. 70).

7. These included $20.00 for messengers; $181.75 for 727 copies at 25 each; $320.00 for faxes; 320 pages at $1.00 each; $4.52 in postage. For a total of $546.27.

67 (1989); *Newman v. Piggie Park Enterprises*, 390 U.S. 400, 402, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968); de *Jesus v. Banco Popular*, 918 F.2d 232 (1st Cir.1990). *Gay Officers Action League v. Commonwealth of Puerto Rico*, 247 F.3d 288, 293 (1st Cir., 2001) ("awards in favor of prevailing civil rights plaintiffs are virtually obligatory.") Plaintiff's are also entitled to litigation costs beyond those statutorily allowed under 28 U.S.C. § 1920.

■ A plaintiff prevails when actual relief on the merits of his claim "materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Gay Officers Action League v. Commonwealth of Puerto Rico*, 247 F.3d at 293. The fact that the plaintiffs did not prevail on every single theory that they brought before the Court is no impediment to the recovery of attorneys' fees and costs. *Hensley v. Eckerhart* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) When the claims are interrelated the fact that plaintiff did not prevail in every single claim does not justify the reduction of the award. *Lipsett v. Blanco* 975 F.2d 934, 941 (1st Cir.1992).

■ On the other hand, obtaining equitable relief does not automatically confer a prevailing party status for purposes of the Fees Act. 42 U.S.C. § 1988, *see also Texas State Teachers Ass'n v. Garland Indep Sch Dist*, 489 U.S. 782, 792–93, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989); *Rhodes v. Stewart*, 488 U.S. 1, 3–4, 109 S.Ct. 202, 102 L.Ed.2d 1 (1988). "Plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. at 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The First Circuit Court of Appeals has also recognized that the prevailing party status might be denied if success on a claim was "purely technical or de minimis" *Gay Officers Action League v. Commonwealth of Puerto Rico*, 247 F.3d at 293 quoting *Texas State Teachers Ass'n v. Garland Indep Sch Dist*, 489 U.S. at 792, 109 S.Ct. 1486 (1989). Further, in some occasions the attorneys' fees to the prevailing plaintiff could be denied. In those cases, it is required that the Court perform specific conclusions of law as to the special circumstances that warrant the denial of the award. *de Jesus v. Banco Popular*, 918 F.2d 232, 234 (1st Cir.1990).

■ In determining the attorneys' fees the trial judge must determine "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433, 103 S.Ct. 1933 An "initial estimate of reasonable attorneys' fees is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). *Coutin v. Young and Rubicam Puerto Rico, Inc.*, 124 F.3d 331(1st Cir.1997), stands for the proposition that attorney fees shall be awarded according to the conventional approach provided by the "lodestar method" which attempts to provide a foundation based in the "numbers of hours reasonable expended on the litigation multiplied by a reasonable hourly rate as the starting point in constructing a fee award." *Id.* at 337 *citations omitted.* Orthodox deviations from the lodestar are allowed but only in "highly unusual" situations. *U.S. v. Metropolitan Dist. Comm'n*, 847 F.2d 12, 15–16 (1st Cir.1988). After initial calculations, the Court may retain jurisdiction to adjust its lodestar but, "it must do so in accordance with accepted principles". *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983). However,

"where a party's litigation strategy increases the cost of litigation, it is reasonable to award the total number of hours incurred". *Lipsett v. Blanco*, 975 F.2d 934, 941 (1st Cir.1992). Finally, the award of attorneys fees is reviewable only for errors of law or abuse of discretion. *Lipsett v. Blanco*, 975 F.2d at 937(*citing Furtado v. Bishop*, 635 F.2d 915, 920 (1st Cir.1980)).

■ The Circuit Court has "embraced", as to the lodestar method of compensating attorneys' fees, the criteria set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974), to wit: 1) the time and labor required; 2)the novelty and difficulty of the questions; 3) the skill requisite to perform the legal services properly; 4) the preclusion of other employment by the attorney(s) due to acceptance of the case; 5) the customary fee; 6)the nature of the fee (fixed or contingent); 7) the time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and the ability of the attorney(s); 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) the size of awards in similar cases. *Coutin v. Young & Rubicam Puerto Rico, Inc.*, 124 F.3d at 337–38 n. 3.

### III Analysis

■ In the instant case, plaintiffs were undoubtedly the prevailing party. As a matter of fact they were the prevailing party when the hearing to show cause was held, as to injunctive relief, as to preliminary injunctive relief and as to judgment. Also, it is unquestionable that all of these issues were continuously hotly contested. The "white flag of peace" was never raised at any point in the district court level. To the contrary, defendants defended the case vigorously based on the Supreme Court of Puerto Rico's decision in *Puerto Rico Civil Action Party v. Commonwealth of Puerto Rico*, 2000 TSPR 29 (finding the challenged statutes constitutional).

However, an adverse handwriting was on the wall as to the outcome of this case for defendants since in the case of *Cruz v. Melecio*, 204 F.3d 14 (1st Cir.2000). It was clear then that this type of restriction against First Amendment rights was to be under federal law strictly scrutinized, and narrowly drawn to advance the compelling state interest. See *Perez–Guzman*, 346 F.3d at 245 (citing *Norman v. Reed*, 502 U.S. 279, 294, 112 S.Ct. 698, 116 L.Ed.2d 711 (1992)). It is evident that defendant did not accept the ruling imparted by Chief Judge Laffitte in *Perez–Guzman* since the matter was litigated to its ultimate adverse consequences all the way up to the Supreme Court. (The *Perez–Guzman* ruling was accepted by defendants only after exhaustion of certiorari which was denied by the Supreme Court of the United States.)

The case at bar, *Limpieza Ciudadana v. Garcia Morales* was thoroughly litigated since the denial of the *certiorari* in the *Perez–Guzman* case did not occur until the instant case was on appeal at the Circuit level. The Court recalls the presence of at least three counselors on behalf of defendants at the hearing to show cause, all vigorously challenging the plaintiffs. Also, memoranda was filed after said hearing by all parties in this case. As plaintiffs were forced in the *Perez–Guzman* litigation to defend their case in the Supreme Court, this case was also vigorously litigated at the District Court level. The defendants herein desisted at the Circuit Court only after the certiorari was denied in the Supreme Court. Defendants claimed as a defense to their fees request that the instant case involved a "moribund statute". If this is so, prior thereto, defendants cer-

tainly did not litigate this case lackadaisically, but, to the contrary, the case was thoroughly and aggressively litigated, and, it is the Court's opinion that plaintiffs ultimately prevailed. Therefore, in the opinion of the Court, plaintiffs have cleared the first hurdle test which is that they prevailed in the instate case.

■ As to the rate to be granted herein to counsel, the evidence is entirely one-sided. Plaintiffs provided a sworn statement as to their rates and produced an expert in fee handling civil rights litigations—attorney Judith Berkan, who testified as an expert, and who is precisely the attorney who was involved in the *Lipsett* litigation dealing with civil rights and attorney fees in this circuit. See *Lipsett v. Blanco*, 975 F.2d 934, 941, 937 (1st Cir. 1992) ("Where a party's litigation strategy increases the cost of litigation, it is reasonable to award the total number of hours incurred.") ("The award is reviewed only for errors of law and/or abuse of discretion.").

Moreover, as stated in *Lipsett v. Blanco, Id.,* "the Court [is] unmoved by appellate's conclusionary allegation that a large portion of the fee award was undeserved because some of the compensated hours were actually expended on claims unrelated to the claims on which plaintiff prevailed." *Id.* It is urged, for example, that plaintiff did not prevail as in *Lipsett* on due process and in the injunctive related relief, under due process, but the core matter was decided in favor of plaintiff in a "tightly wrapped case of common facts; and therefore, should be totally compensated." *Id.* In the instant case, plaintiff prevailed in the core First Amendment matter and desisted early on in the litigation as to other collateral constitutional claims.

The Court further accepts the well reasoned opinion of Counsel Berkan as to a reasonable applicable rate produced as to each counsel in the instant case as she has been in practice in this Court since 1978, and has a well-known practice in civil rights litigation at the Puerto Rico district court and First Circuit levels.[8]

Ms. Berkan's opinion awarded all three attorneys' rate fees similar, above, or equal to the rate amounts requested by each of the three attorneys. These are her specific recommendations as to attorney fees of counsel Berkan:

| | |
|---|---|
| 1) Roberto Fernandez— | $200.00 an hour out of court<br>$225.00 an hour in court |
| 2) Jose R. Ortiz Velez— | $240.00 an hour out of court<br>$270.00 an hour in court |
| 3) Salvador Tio— | $300.00 an hour out of court<br>$325.00 an hour in court. |

Roberto Fernandez, who has been in practice since 1990 and charges at a rate equal to the rate proposed by expert Ms. Berkan, requested that he be compensated at a rate of $200.00 an hour for out of court work and $225.00 an hour in court work. The Court finds this rate justified and reasonable specially since no other rate was produced to the Court. Jose R. Ortiz Velez has been in practice for nineteen (19) years, seventeen (17) of which

---

**8.** See also, *Melendez–Arroyo v. Cutler–Hammer de P.R. Co.*, 273 F.3d 30 (1st Cir.2001); *Santiago–Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46 (1st Cir.2000); *Rodriguez–Hernandez v. Miranda–Velez*, 132 F.3d 848 (1st Cir.1998); *Serapion v. Martinez*, 119 F.3d 982 (1st Cir.1997); *Selgas v. American Airlines*, 104 F.3d 9 (1st Cir.1997); *Kerr–Selgas v. American Airlines*, 69 F.3d 1205 (1st Cir. 1995); *Izquierdo Prieto v. Mercado Rosa*, 894 F.2d 467 (1st Cir.1990); *Lipsett v. University of Puerto Rico*, 864 F.2d 881 (1st Cir.1988); *Velez v. Arso Radio Corp.*, 2004 U.S. Dist. LEXIS 13001; *Velez v. Arso Radio Corp.*, 2004 U.S. Dist. LEXIS 13096; *Libertad v. Sanchez*, 134 F.Supp.2d 218 (D.P.R.2001); *Matos Ortiz v. Puerto Rico*, 103 F.Supp.2d 59 (D.P.R. 2000); *McCann v. Ruiz*, 788 F.Supp. 109 (D.P.R.1992).

have been in work related to the federal court. He charges at a rate of $200.00 an hour out of court work and $250.00 an hour in court work, a rate below the one recommended by Ms. Berkan. Notwithstanding, the Court finds counsel's requested rate to be reasonable and accepts his claimed rate. Finally, Salvador Tio Fernandez, who has been in practice for over 30 years, is a former director of the ACLU New York office, is the former director of the litigation legal department of the Puerto Rico Office of Legal Services, and is a former professor of law at the University of Puerto Rico, requested to be compensated at the rate of $200.00 an hour for out of court work and $250.00 an hour for in court work. These rates are lower that those suggested by Ms. Berkan. The Court also finds the claimed rates by counsel Tio reasonable. This Court grants the rates requested by Counsel Tio Fernandez. The Court further grants the rates requested by counsel Roberto Fernandez.

The Court emphasizes that the only evidence on record received by the Court in the rate criteria was developed exclusively by the prevailing party. Hence, the Court accepts the rates requested by all attorneys as they are reasonable rates for specialized work in civil rights, within this community as verified by the expert opinion of counsel Judith Berkan, all pursuant to the guidelines provided by *Coutin v. Young Rubicam*, 124 F.3d at 341–42.

■ As to upward adjustments, the general rule is that orthodox deviations from the Lodestar method—reasonable rates multiplied by hours dedicated to successful endeavors—are allowed, but only in "highly unusual situations." *U.S. v. Metropolitan Comm'n*, 847 F.2d at 15–16. The instant case is an important, difficult and critical one because it relates to the right to register new political parties under the First Amendment wherein successful and fruitful results were obtained to the benefit of plaintiff and other new potential parties seeking registration in Puerto Rico. Moreover, further the critical social importance of said rights have been vindicated. See *Coutin*, F.3d at 68. However, the harbinger doctrinal case in this jurisdiction is not the instant case, but the case of *Cruz v. Melecio*, 204 F.3d 14 (1st Cir.2000), and Chief Judge Laffitte's case. In *Perez–Guzman v. Gracia*, 260 F.Supp.2d 389 (D.P.R.2003), *aff'd*, 346 F.3d 229 (1st Cir. 2003). The Court concludes that this case had to be litigated by plaintiff because the case before Judge Laffitte had a possibility of a *res judicata* defense set forth as a defense by the government. Said *res judicata* defense was thoroughly discussed, reviewed and ultimately rejected at the appellate level, but it was ultimately rejected. *Perez-Guzman v. Gracia*, 346 F.3d at 233–42.

The instant case did not have the issue of *res judicata* nor collateral estoppel since it involved a different plaintiff, not even equitably related with the plaintiffs in the prior case of *Perez–Guzman*. However, all the issues presented in the instant case were mostly resolved in *Cruz v. Melecio, Id.* and *Perez–Guzman v. Gracia, Id.* Hence, the Court will not grant an upward deviation.

■ Regarding downward deviations, the general rules is that they are allowed in only "highly unusual situations." *U.S. v. Metropolitan District, Id.* The Court notes that there are three attorneys working and that they may have at several times worked together in groups of two and perhaps groups of three. The Court refers to drafting of complaints, preparation of witnesses, drafting of interrogatories, request for admissions, production of documents, etc. The Court harbors no doubt as to the integrity of counsel and that the hours spent in and out of court

time were actually worked. However, duplicity, pooling and over staffing may have resulted. Hence, the Court reduces in twenty percent all non court time when counsel acted together, except for trial, or drafting of motions, answers, sur replies, replies, discovery requests, discovery answers, lawyers' fees, etc. This excludes when counsel acted individually and on individual preparation. The exclusion includes conferences between attorneys as to strategies to be followed. This adjustment further, obviously, as stated before, excludes trial time, individual research performed and/or work individually performed is to be naturally excluded.

The Court will not affect the fees by making a downward adjustment because plaintiff may not have prevailed in some of the constitutional causes of action claimed in the complaint. The Court opines that the doctrine of *Lipsett v. Blanco*, 975 F.2d at 941 applies to the instant case, standing for the proposition that, notwithstanding that the party did not prevail on some issues, "it involved by and large a tightly wrapped core of common facts shared within the claims upon which plaintiff prevailed". Further, the Court does not perform a downward adjustment because "where a party litigation strategy [the opposing party] increases the cost of litigation it is reasonable to award the total number of hours incurred." *Id.* at 941.

Further, since the very beginning of the case, the Court sent a strong messages to counsel for plaintiff to concentrate on the request of the constitutional challenge to the requirement of the notary public since that part of the claim was the stronger part and had better possibilities to prevail. Plaintiff heeded to the hints of the Court. In fact, the Court, on its July 20, 2003 *Order* discouraged further arguments and proof on the causes of actions alleged in the complaint. Moreover, plaintiffs later desisted from those causes of action.

Finally, the Court entertains and considers defendants' response to the amended request for attorneys fees filed September 24, 2004 (Docket No. 96) and plaintiff's reply. The request of defendants is for downward adjustments.

The Court must accept following the mandates of *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 that all hours dedicated by counsel for the plaintiff to the opposition as to the intervention of the Secretary of Justice to defend the constitutionality of the statutes are to be deducted except a limited time for reading the motion and a short conference among attorneys. The Secretary of Justice of the Commonwealth of Puerto Rico prevailed as she was amply authorized to defend the constitutional challenge of the statute. Therefore, the Court will order that plaintiffs deduct all amounts of hours entered to oppose the Secretary of Justice's appearance and only be granted one hour of work under that section. See observation number four of defendants' opposition. (Docket No. 96). The Court also reduces from 11.5 hours to one hour the informative motion to the Court as to the decision in *Perez–Guzman* by the First Circuit. The Court understands that is was pertinent to analyze the decision from the First Circuit Court, but a reduction is in order. Observation number 7, Docket No. 96. The Court also reduces to one half hour the 4.5 hours claimed relating to the dismissal without prejudice of plaintiff of the two constitutional challenges suggested by the Court. Observation number 7-2, Docket No. 96. The Court also reduces from eight hours to one hour the motion indicated at observation 7-3, Docket No. 93. All the deductions the Court reiterates that it harbors no doubt as to the work performed. They are simply an

over cautious protective measure taken by counsel, but which the Court must deduct pursuant to the mandates of *Coutin v. Young and Rubicam, Id.*

The bill of costs is approved in its totality, including the excess claimed because the matter is allowed by the statute under the approval of the Court. All the parties have agreed that the reasonable amount for lawyers' fees and costs is the amount of $100,000.00. Said amount is ordered to be paid forthwith since the parties have agreed that the opinion of the Court is final and unappealable.

The Clerk of the Court is hereby ordered to close dockets 59, 61, 71, 78, 94, 111, and 112. No docket is to remain open in the case since the case has currently no issues pending including the matter of costs (Docket No. 60) which is now rendered **MOOT**.

**IT IS SO ORDERED.**